1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12 | ROWENA ABBOT,

Case No. 15-CV-05541-LHK

13 |             Plaintiff,

**ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND**

14 |       v.

15 | EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Re: Dkt. No. 16

16

17 |             Defendants.

18           Before the Court is Defendant Credit Bureau of Placer County, Inc.'s ("Credit Bureau")

19 motion to dismiss Plaintiff Rowena Abbot's ("Plaintiff") complaint.  ECF No. 16.  Pursuant to

20 Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral

21 argument and VACATES the motion hearing set for April 7, 2016, at 1:30 p.m.  The case

22 management conference scheduled for that date and time remain as set.  Having considered the

23 submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Credit

24 Bureau's motion to dismiss with leave to amend.

25
26
27

1

28 | Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

# I.    BACKGROUND

## A.  Factual Background

On December 10, 2014, Plaintiff filed for Chapter 13 bankruptcy.  ECF No. 1 ("Compl.")
¶ 5.  "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an
opportunity to obtain some relief from their debts while retaining their property.  To proceed under
Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare
case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct.
1686, 1690 (2015).  "If the bankruptcy court confirms the plan and the debtor successfully carries
it out, he receives a discharge of his debts according to the plan." *Id.* at 1690.  In the instant case,
Plaintiff's bankruptcy plan was confirmed on May 21, 2015.  Compl. ¶ 5.  The complaint provides
no details on Plaintiff's bankruptcy plan. *See generally* Compl.  Plaintiff does not allege that
Plaintiff has successfully paid her debt according to the plan, or that Plaintiff's debt has been
discharged.

On June 18, 2015, Plaintiff ordered a three-bureau credit report from Equifax, Inc. *Id.* ¶ 6.
In the report, Plaintiff allegedly "noticed several tradelines all reporting a misleading and or
inaccurate balance or past due balance owed on the account rather than listing that the account is
included in [b]ankruptcy." *Id.* ¶ 7.  In response to the report, Plaintiff disputed the allegedly
inaccurate tradelines with the three credit reporting bureaus: Equifax, Inc., Experian Information
Solutions, Inc. ("Experian"), and TransUnion, LLC.[1] *Id.* ¶ 8.  According to Plaintiff, each credit
reporting bureau sent Credit Bureau a notification that Plaintiff was disputing the accuracy of the
credit report. *Id.* ¶ 9.

On November 5, 2015, Plaintiff ordered a three-bureau credit report from Experian. *Id.*
¶ 12.  Plaintiff allegedly learned that the credit report still reported "the misleading and or
inaccurate statements." *Id.* ¶ 13.  Plaintiff alleges that Credit Bureau failed to conduct a
"reasonable investigation" into Plaintiff's dispute and again "reported falsely" to Experian a

---

[1] In Plaintiff's opposition, Plaintiff asserts that Plaintiff sent these dispute letters on or about
October 18, 2015.  Opp. at 2.  However, no date is alleged in the complaint.

2

Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND

1  "misleading and or inaccurate balance or past due balance." *Id.* ¶ 10.  Specifically, Plaintiff

2  alleges that Credit Bureau "failed to update its reporting . . . by reporting that a balance was still

3  owed as well as a past-due balance on the account that was included in Plaintiff's confirmed

4  [C]hapter 13 plan." *Id.* ¶ 23.

5  **B.  Procedural History**

6  On December 3, 2015, Plaintiff filed the instant complaint against Credit Bureau as well as

7  against Defendants Experian and Enhanced Recovery Company, LLC ("Enhanced Recovery").

8  ECF No. 1.  Plaintiff asserts that all three defendants violated the federal Fair Credit Reporting

9  Act ("FCRA"), 15 U.S.C. § 1681s-2(b).  *Id.* ¶¶ 18–24.  Plaintiff also asserts that Credit Bureau and

10  Enhanced Recovery violated California's Consumer Credit Reporting Agencies Act ("CCRAA"),

11  Cal. Civ. Code § 1785.25(a), and California's Unfair Competition Law ("UCL"), Cal. Bus. &

12  Prof. Code §§ 17200 *et seq.*  *Id.* ¶¶ 25–39.

13  On December 24, 2015, Experian answered Plaintiff's complaint.  ECF No. 7.  Enhanced

14  Recovery answered the complaint on February 25, 2016.  ECF No. 22.  Enhanced Recovery and

15  Plaintiff filed a notice of settlement on March 31, 2016.  ECF No. 27.

16  Credit Bureau filed the instant motion to dismiss on February 9, 2016.  ECF No. 16

17  ("Mot.").  Plaintiff opposed the motion on February 23, 2016.  ECF No. 21 ("Opp.").  Credit

18  Bureau replied on March 1, 2016.  ECF No. 25 ("Reply").

19  **II.     LEGAL STANDARD**

20  **A.  Rule 12(b)(6) Motion to Dismiss**

21  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

22  short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

23  that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a

24  plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

25  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

26  pleads factual content that allows the court to draw the reasonable inference that the defendant is

27

28  Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND

United States District Court
Northern District of California

United States District Court
Northern District of California

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets in original).

4

## III.   DISCUSSION

### A. Plaintiff's FCRA Claim

The Court first addresses Plaintiff's FCRA claim, and then turns to Plaintiff's CCRAA and UCL claims.  Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)).  To ensure that credit reports are accurate, "the FCRA imposes some duties on the sources that provide credit information to [consumer reporting agencies], called 'furnishers' in the statute."  *Id.*  Certain obligations are triggered "upon notice of dispute"—that is, when a person or entity who furnished information to a consumer reporting agency receives notice from the consumer reporting agency that the consumer disputes the information.  *Id.* at 1154. Subsection 1681-2(b) of the FCRA provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . .;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information . . .; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . .
>
> > (i) modify that item of information;
> > (ii) delete that item of information; or
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).  The FCRA creates a private right of action for willful or negligent noncompliance with this subsection.  *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

Plaintiff asserts that Credit Bureau is a "furnisher" under the FCRA and that Credit Bureau received from the credit reporting bureaus "notification that [P]laintiff was disputing the accuracy of what it was reporting."  Compl. ¶ 9.  After receiving notice of Plaintiff's dispute, Credit Bureau allegedly violated the FCRA in two ways: (1) failing to

5

conduct a reasonable investigation, in violation of § 1681s-2(b)(1)(A); and (2) failing to correct Credit Bureau's reporting of inaccurate information, in violation of § 168s-2(b)(1)(C)–(E).  Credit Bureau does not dispute that these are cognizable FCRA claims, but contends that Plaintiff fails to sufficiently plead facts to support these claims.  *See* Reply at 1.  The Court addresses Plaintiff's two theories of FCRA liability in turn.

As a preliminary matter, the Court notes that Plaintiff's complaint fails to allege that Credit Bureau acted either willfully or negligently, as required for Plaintiff to have a private right of action.  *See Gorman*, 584 F.3d at 1154; 15 U.S.C. §§ 1681n, o.  Nor does Plaintiff provide any factual allegations to support that Credit Bureau acted willfully or negligently.  *See generally* Compl.  Although Credit Bureau raises the lack of "willful" allegations in the motion to dismiss, *see* Mot. at 13–14, Plaintiff fails to address willfulness in her opposition to the motion.  Because Plaintiff fails to allege that Credit Bureau violated the FCRA willfully or negligently, Plaintiff can not bring any claims under the FCRA.  *See Thompson v. Bank of Am., N.A.*, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015) (dismissing FCRA claim when plaintiff alleged the defendant acted "knowingly and willfully" without providing any factual basis for the allegation).

Apart from the private right of action, the Court identifies additional reasons to dismiss Plaintiff's FCRA claim.  As to Plaintiff's first theory of liability, the FCRA requires a furnisher to "conduct an investigation with respect to the disputed information" after the furnisher receives notice of a dispute from a consumer reporting agency.  15 U.S.C. § 1681s-2(b)(1).  The Ninth Circuit has held that such an investigation must be "reasonable."  *Gorman*, 584 F.3d at 1157.  "[W]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency."  *Id.* at 1160 (ellipses omitted).  Plaintiff's only allegation related to this theory of liability is that Credit Bureau "failed to conduct a reasonable investigation."  Compl. ¶ 10; *see also id.* ¶ 22.

Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND

United States District Court
Northern District of California

1   Plaintiff does not allege any facts in support of this assertion.  Nor is this theory explained

2   in Plaintiff's opposition to the instant motion, even though the opposition notes that

3   Plaintiff "received a reinvestigation report indicating what attempts had been made to

4   correct the perceived inaccuracies."  Opp. at 2.

5        Instead, Plaintiff seems to assume that Credit Bureau's investigation must have

6   been unreasonable if Credit Bureau reported inaccurate information after the investigation.

7   However, the Ninth Circuit has explicitly rejected this argument.  In *Gorman*, the Ninth

8   Circuit explained that "the requirement that furnishers investigate consumer disputes is

9   procedural.  An investigation is not necessarily unreasonable because it results in a

10  substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be

11  inaccurate." *Gorman*, 584 F.3d at 1161.  Accordingly, Plaintiff's conclusory allegation

12  that Credit Bureau "failed to conduct a reasonable allegation" is insufficient to plausibly

13  allege that Credit Bureau conducted an unreasonable investigation in violation of the

14  FCRA.  *See Iqbal*, 556 U.S. at 678.

15       As to Plaintiff's second theory of liability, the FCRA requires a furnisher, upon

16  receiving notice of a dispute, to report the results of the investigation and "if the

17  investigation finds that the information is incomplete or inaccurate, report" and correct

18  those results.  15 U.S.C. § 1681s-2(b)(1)(C)–(E); *see also Drew v. Equifax Info. Servs.,

19  LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("Upon being notified of a dispute by a [credit

20  reporting agency], a furnisher must investigate and, if necessary, correct the information it

21  reports.").  Information can be "incomplete or inaccurate" within the meaning of the FCRA

22  "because it is patently incorrect, or because it is misleading in such a way and to such an

23  extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at

24  1163.  Accordingly, omitting the disputed nature of a debt, if the dispute could materially

25  alter how the reported debt is understood, may be "incomplete or inaccurate" reporting.

26  *See id.* at 1163–64.

27

28

United States District Court
Northern District of California

7

Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND

1        In the instant case, Plaintiff alleges that Credit Bureau reported "that a balance was

2   still owed as well as a past-due balance on the account that was included in Plaintiff's

3   confirmed [C]hapter 13 plan." Compl. ¶ 23.  Plaintiff does not assert that this balance was

4   not past due, or that no balance was owed.  Rather, Plaintiff explains that "Plaintiff is

5   specifically alleging that despite the treatment under the terms of the confirmed [C]hapter

6   13 plan, [Credit Bureau] continued to report that Plaintiff owes a balance to [Credit

7   Bureau]." Opp. at 5.  Thus, according to Plaintiff, Credit Bureau's reporting inaccurately

8   indicates that Plaintiff's account is subject to collection even though Plaintiff is absolved

9   "from any legal requirement to pay on the debts separate from the treatment under the

10  terms of the [C]hapter 13 plan." *Id.* at 3.

11       Credit Bureau argues that, as a matter of law, reporting historically accurate

12  balances during the pendency of a bankruptcy can not be inaccurate or incomplete under

13  the FCRA.  Mot. at 8–9.  However, courts in this district have found that reporting

14  delinquent payments during bankruptcy may be misleading depending on the

15  circumstances, including whether the report fails to indicate that a charge is disputed or

16  part of a bankruptcy.  *See Mortimer v. Bank of Am., N.A.*, 2013 WL 1501452, at \*4 (N.D.

17  Cal. Apr. 10, 2013) (finding that reporting delinquencies during the pendency of

18  bankruptcy is not misleading so long as the creditor reports that the account was

19  discharged through bankruptcy and the outstanding balance is zero); *Venugopal v. Digital*

20  *Fed. Credit Union*, 2013 WL 1283436, at \*3 (N.D. Cal. Mar. 27, 2013) (holding that

21  reporting of historically accurate debt may violate the FCRA when the reporting did not

22  include that the debt was discharged in bankruptcy or that the debt was in dispute).

23  Accordingly, the Court turns to Plaintiff's particular allegations.

24       In the instant case, Plaintiff asserts that Credit Bureau's reporting is inaccurate

25  because it is inconsistent with Plaintiff's Chapter 13 bankruptcy plan.  However, Plaintiff

26  does not allege the terms of the Chapter 13 bankruptcy plan; that the balance owed to

27

28  Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND

United States District Court
Northern District of California

8

1    Credit Bureau was included in the bankruptcy plan; or that the debt has either been paid or

2    discharged.  Nor does Plaintiff indicate whether Credit Bureau's reporting included a

3    notation about the pending bankruptcy or any disputes.  Plaintiff seems to recognize these

4    failures, as Plaintiff's opposition attempts to explain—in general terms—Plaintiff's

5    bankruptcy plan.  *See* Opp. at 2–3.  However, Plaintiff cannot avoid dismissal by alleging

6    new facts in an opposition to a motion to dismiss.  *See Schneider v. Cal. Dep't of Corr.*,

7    151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6)

8    dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such

9    as a memorandum in opposition to a defendant's motion to dismiss.").  Accordingly,

10   Plaintiff fails to allege that Credit Bureau's reporting was inaccurate or incomplete because

11   it was inconsistent with Plaintiff's Chapter 13 bankruptcy plan.

12   Plaintiff additionally asserts that Credit Bureau's reporting is inaccurate or

13   incomplete because it violates the automatic stay put in place by the bankruptcy court.

14   Alternatively, Plaintiff argues that Credit Bureau's reporting inaccurately indicates that

15   Plaintiff's debt involves a child support obligation, which, according to Plaintiff, is the

16   only type of debt that Credit Bureau could report without violating the automatic stay.

17   Opp. at 6–7.  The Court finds that these allegations are insufficient to show that Credit

18   Bureau's reporting was incomplete or inaccurate.  The complaint does not allege that

19   Credit Bureau violated the automatic stay.  Further, Plaintiff provides no authority that any

20   violation of an automatic stay is also a violation of the FCRA.  Indeed, courts in this

21   district have held that whether a defendant reports accurate information as required by the

22   FCRA is separate from whether a defendant violates the bankruptcy code.  *See, e.g.*,

23   *Mortimer*, 2013 WL 1501452, at *10 & n.3 (noting that "the question before the Court is

24   whether [d]efendant reported accurate information, not whether [d]efendant violated the

25   bankruptcy code").  Lastly, Plaintiff fails to allege the nature of the debt owed to Credit

26   Bureau, and fails to allege that this debt is *not* a child support obligation.  Because Plaintiff

27

28   Case No. 15-CV-05541-LHK
     ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
     WITH LEAVE TO AMEND

United States District Court
Northern District of California

9

1  does not plausibly allege that any of the reported information was inaccurate or

2  incomplete, Plaintiff does not state a FCRA claim for failing to correct reported

3  information.  *See Drew*, 690 F.3d at 1106.

4          Accordingly, the Court GRANTS Credit Bureau's motion to dismiss Plaintiff's

5  FCRA cause of action.  The Court does so with leave to amend because the Court

6  concludes that amendment would not necessarily be futile.  *See Lopez*, 203 F.3d at 1127

7  (holding that "a district court should grant leave to amend . . . unless it determines that the

8  pleading could not possibly be cured by the allegation of other facts").

9      **B.  Plaintiff's Claim under Cal. Civ. Code § 1785.25(a)**

10         Section 1785.25(a) of the CCRAA provides that "[a] person shall not furnish information

11  on a specific transaction or experience to any consumer credit reporting agency if the person

12  knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).

13  The CCRAA provides for a private right of action to enforce this provision.  *Id.* §§ 1785.25(g),

14  1785.31(a).  "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting

15  Act, judicial interpretation of the federal provisions is persuasive authority and entitled to

16  substantial weight when interpreting the California provisions.'"  *Carvalho v. Equifax Info. Servs.*

17  *LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th

18  1, 12 (2003)).

19         Similar to Plaintiff's FCRA claim, Plaintiff asserts that Credit Bureau violated the CCRAA

20  by reporting "a misleading and or inaccurate balance or past due balance owed on the account

21  rather than listing that the account is included in [b]ankruptcy."  Compl. ¶ 26.  The parties'

22  arguments about the accuracy and completeness of this information in the context of a CCRAA

23  claim mirror the parties' FCRA claim arguments.  *See* Mot. at 9–10; Opp. at 7–8.  For the reasons

24  stated above, Plaintiff has not sufficiently alleged that Credit Bureau reported any inaccurate or

25  incomplete information.  Accordingly, the Court GRANTS Credit Bureau's motion to dismiss

26  Plaintiff's CCRAA claim.  The Court does so with leave to amend because the Court concludes

27

28  Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND

United States District Court
Northern District of California

10

that amendment would not necessarily be futile.  *See Lopez*, 203 F.3d at 1127.

### C. Plaintiff's UCL Claim

California's UCL provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent.  Cal. Bus. & Prof. Code §§ 17200 *et seq*.  Each of the three "prongs" of the UCL provides a "separate and distinct theory of liability" and an independent basis for relief.  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010).  The unlawful prong of the UCL "'borrows' violations of other laws and treats them as unlawful practices," which the UCL then "makes independently actionable."  *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Plaintiff asserts that Credit Bureau violated the unlawful prong of the UCL because of "unlawful practices" that violate the CCRAA, § 1785.25(a).  Compl. ¶¶ 33–39.  Because the Court concludes above that Plaintiff can not state a claim under the CCRAA, Plaintiff can not state a claim under the unlawful prong of the UCL.  *See Punian v. Gillette*, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016).  Accordingly, the Court need not address Credit Bureau's arguments that Plaintiff's UCL claim is preempted; that Plaintiff does not have standing to assert a UCL claim; or that Plaintiff may not seek civil penalties.  *See* Mot. at 10–13, 14–15.  The Court GRANTS Credit Bureau's motion to dismiss Plaintiff's UCL claim.  The Court does so with leave to amend because the Court granted leave to amend on Plaintiff's CCRAA claim and thus amendment would not necessarily be futile.  *See Lopez*, 203 F.3d at 1127.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Credit Bureau's motion to dismiss with leave to amend.  Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order.  Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims.  Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties

United States District Court
Northern District of California

11

1    pursuant to Rule 15 of the Federal Rules of Civil Procedure.

2    **IT IS SO ORDERED.**

3

4    Dated: April 6, 2016

5                                        *Lucy H. Koh*
                                 _____

6                                  LUCY H. KOH
                                 United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 15-CV-05541-LHK
ORDER GRANTING DEFENDANT CREDIT BUREAU OF PLACER COUNTY, INC.'S MOTION TO DISMISS
WITH LEAVE TO AMEND